IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA,

   v.

JESHUA LION MYERS a/k/a Dually,

   Defendant.

24-CR-126-JLS

---

## PLEA AGREEMENT

The defendant, **JESHUA LION MYERS a/k/a Dually**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 933(a)(3) (conspiracy to commit firearms trafficking) for which the maximum possible sentence is a term of 15 years imprisonment, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentencing of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.  ELEMENTS OF THE CRIME AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. that an agreement existed between two or more persons to ship, transport, transfer, cause to be transported, or otherwise dispose of a firearm to another person in or otherwise affecting interstate or foreign commerce with reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony;

   b. that the defendant knew of the existence of the agreement; and

   c. that the defendant intended to participate in the unlawful agreement.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Beginning in or about December 2023, and continuing to on or about February 13, 2024, in the Western District of New York, and elsewhere, the defendant, JESHUA LION MYERS a/k/a Dually, conspired with others, known and unknown, to illegally smuggle firearms from the United States into Canada.

   b. In December 2023, the defendant communicated with an undercover officer ("UC") about the smuggling of numerous firearms in the United States. Specifically, the defendant told the UC that he could travel to Florida to acquire firearms from various stores and websites, and then arranged to bring those firearms to the Western District of New York

2

  with the belief that the UC could illegally smuggle those firearms into Canada to a co-conspirator. On December 20, 2023, the defendant met with the UC in Buffalo, New York and provided 19 firearms to the UC in exchange for $33,000. During this exchange on December 20, 2023, the defendant, the UC, and another co-conspirator based in Canada communicated via video chat.

c.  The defendant provided the following 19 firearms to the UC on December 20, 2023:

- Sig Sauer P320, bearing serial number 58A112482
- Geisler with Red Slide, no serial number
- Glock 23, bearing serial number BTET028
- Springfield Armory, bearing serial number GM983670
- Glock 22, bearing serial number UCF702
- Springfield Armory XD, bearing serial number XD403726
- Geisler with Yellow Trigger, no serial number
- Glock 43x, bearing serial number AGDV941
- Glock 26, bearing serial number AFPL572
- Glock 30, bearing serial number XRN700
- Glock 43x, bearing serial number BZLE456
- Smith and Wesson MP45, bearing serial number MRD1135
- Glock 30, bearing serial number WAM788
- Sig Sauer P320, bearing serial number 58K054610
- Glock 21, bearing serial number PEZ648
- Geisler with Gold Slide, no serial number
- Springfield Armory XD, bearing serial number BB250873
- Keltec Rifle, bearing serial number T1M46
- MMC ARMORY, bearing serial number A04193

d.  Several of the above listed firearms are semi-automatic firearms capable of accepting a high-capacity magazine. The defendant also provided assorted magazines, including high-capacity magazines, as well as .308 ammunition, 9mm ammunition, and other weapons components.

e.  The defendant admits that he knew that these firearms were destined to be smuggled into Canada illegally. It is a felony, as defined in Title 18, United States Code, Section 932(a), to smuggle goods out of the United States. Specifically, Title 18, United States Code, Section 554 is a felony punishable by more than one year in jail.

f.  On February 13, 2024, the defendant provided approximately 110 firearms to law enforcement UCs. The UCs met with the defendant in Miami, Florida where the defendant had the approximately 110 firearms to provide to the UCs for transport to Canada.

3

### III.  SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines § 2K2.1(a)(4)(B) applies to the offense of conviction and provides for a base offense level of **20**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G CHAPTER 2 ADJUSTMENTS

7.  The government and the defendant agree that the following specific offense characteristics do apply:

   a.  The eight-level increase pursuant to Guidelines § 2K2.1(b)(1) (offense involves between 100-199 firearms);

   b.  The two-level increase pursuant to Guidelines § 2K2.1(b)(5)(A) (convicted under 18 U.S.C. § 933(a)(3)); and

   c.  The four-level increase pursuant to Guidelines § 2K2.1(b)(6)(A) (the firearm was possessed or transferred with the belief it would be transported out of the United States).

### ADJUSTED OFFENSE LEVEL

8.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **34**.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **31**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that with a total offense level of **31** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **108 to 135 months**, a fine of **$30,000 to $250,000**, and a period of supervised release of **1 to 3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a sentence of imprisonment of **78 to 97 months**. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

13.     The defendant understands that, except as set forth in ¶ 12, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14.     In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV.     STATUTE OF LIMITATIONS

15.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further

agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

16. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

17. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

7

18. At sentencing, the government will move to dismiss the criminal complaint filed under docket 24-mj-5023.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the term of imprisonment of **108 to 135 months**, a fine of **$30,000 to $250,000**, and a period of supervised release of **1 to 3** years, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves its right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the term of imprisonment of **78 to 97 months**, a fine of **$30,000 to $250,000**, and a period of supervised release of **1 to 3** years, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.  FORFEITURE PROVISIONS

23.     As a condition of the plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the government and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant Title 18, United States Code, Section 934(a)(1)(A) and 934(a)(1)(B), and Title 21, United States Code, Section 853, including but not limited to (the "Forfeiture Money Judgment"):

    a.  **MONEY JUDGMENT:**

        i.  The sum of all thirty-eight thousand dollars ($38,000.00) in United States currency that represents proceeds that defendant obtained from his involvement in the criminal conduct, which if not readily available will become a monetary judgment and will serve as a lien against the defendant's property, wherever situated, with interest to accrue at the prevailing rate per annum until fully satisfied in the event this amount is not located.

24.     The defendant agrees that the Forfeiture Money Judgment is properly forfeitable to the government pursuant to Title 18, United States Code, Section 934(a)(1)(A) and 934(a)(1)(B), and Title 21, United States Code, Section 853. The defendant also admits that based upon the acts of the defendant, the monetary sum included in the Forfeiture Money

9

Judgment is no longer available for forfeiture, and thus the government has the right to seek forfeiture of substitute assets of the defendant pursuant Title 21, United States Code, Section 853(p). The defendant understands and agrees that the Court, at the time of sentencing, will order a Forfeiture Money Judgment which is due and payable in full immediately and subject to immediate enforcement by the government.

25. All payments made by the defendant toward the Forfeiture Money Judgment shall be made by money order, certified check and/or official bank check, payable to the "U.S. Customs & Border Protection." The defendant shall cause said payment(s) to be hand delivered or sent by overnight mail delivery to the United States Attorney's Office, Western District of New York, Asset Recovery Division, with the criminal docket number noted on the face of the instrument. The defendant consents to the restraint of all payments made toward the Forfeiture Money Judgment. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in Title 18, United States Code, Section 983. The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the government. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, will be used to offset any forfeiture money judgment imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the government and/or agencies thereof.

26.     The defendant further acknowledges that if the defendant cannot pay the full amount of the Forfeiture Money Judgment immediately, the defendant agrees that the conditions of Title 21, United States Code, Section 853(p) have been satisfied, and thus the government has the right to seek forfeiture of substitute assets of the defendant pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e)(1)(B).

27.     The defendant agrees to fully assist the government in the identification and recovery of any property of the defendant to satisfy such judgment. The defendant agrees to the forfeiture of such property and will take whatever steps are necessary to pass clear title to the government, including, but not limited to, surrender of title and execution of any documents necessary to transfer the defendant's interest to the government. The defendant agrees to waive notice and not to object to any motions made by the government for substitute assets. Further, the defendant consents to the entry of any such order of forfeiture for substitute assets.

28.     The defendant understands and agrees that unless the Forfeiture Money Judgment is paid in full immediately, federal law allows agencies to refer debts to the United States Department of the Treasury for the purpose of collecting debts through the Treasury Offset Program ("TOP"). Under this program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code The

government hereby provides the defendant notice that 60 days after sentencing, the government will refer the outstanding Forfeiture Money Judgment to TOP for the offset of any pending federal payments and waives any further notice. The defendant agrees not to object or challenge any offset taken through TOP.

29. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Monetary Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

30. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, when no restitution has been ordered, which funds shall be applied to satisfy the Forfeiture Money Judgment.

31. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary and Final Order of Forfeiture for the Forfeiture Money Judgment listed above. The defendant hereby waives any right to notice of such Preliminary and Final Order of Forfeiture. The defendant further consents and agrees that the Preliminary and Final Order of Forfeiture shall

issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

32. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, whether constitutional or statutory, including but not limited to, any defenses based on principles of double jeopardy, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

33. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time

restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.

34. The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

35. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the Forfeiture Money Judgment survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

36. The defendant agrees that if, for any reason, in any pleadings before the Court or any order of the Court, including but not limited to the Preliminary and Final Order of Forfeiture and the Judgment and Commitment, the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of

the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones, computers and electronic equipment seized by law enforcement in this case.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

37.   This plea agreement represents the total agreement between the defendant, **JESHUA LION MYERS a/k/a Dually**, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS  
United States Attorney  
Western District of New York

BY:  *[signature]*  
MICHAEL J. ADLER  
Assistant United States Attorney

Dated:   October 15, 2024

I have read this agreement, which consists of pages 1 through 16. I have had a full opportunity to discuss this agreement with my attorney, Erin K. Ryan, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JESHUA LION MYERS
Defendant

Dated:  October 15, 2024

_____
ERIN K. RYAN, ESQ.
Attorney for the Defendant

Dated:  October 15, 2024